FILED
DEC 02 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) | 1:20CR798 |
| v. ) | CASE NO. JUDGE OLIVER |
| ARTHUR FAYNE, ) | Title 18, United States Code, Sections 1343 and 2 |
| Defendant. ) | |

## GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1. Defendant ARTHUR FAYNE was the owner of Business Development Concepts, LLC ("BDC"), which was registered with the Ohio Secretary of State to provide training and business consultation to new start-up and existing companies. BDC also oversaw construction projects and the purchase of equipment, supplies, and inventory for the projects.

2. BDC held a Fifth Third Bank account ending in x8893 ("Fifth Third account"), the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

3. Nonprofit 1 was an Ohio nonprofit corporation that operated as a federally qualified health center network of community health centers and provided primary care medical services for adults and children in the Cleveland, Ohio area.

4. Nonprofit 1 held a Bank of America account ending in x4343 ("Bank of America account"), the deposits of which were insured by the FDIC.

5. Subsidiary 1 was the for-profit Ohio subsidiary of Nonprofit 1. Defendant served as vice president and a board member of Subsidiary 1. In this capacity, Defendant had authority to enter contacts on behalf of Nonprofit 1.

6. Project 1 was a project sponsored by Nonprofit 1 to redevelop a vacant building into a grocery store and community center with health care offices in Cleveland, Ohio.

7. Company 1 was a construction management and general contracting company headquartered in Cleveland, Ohio.

8. On or about June 23, 2016, Company 1 submitted a proposal to Nonprofit 1 for Project 1.

9. On or about June 23, 2016, Defendant issued an "Intent to Award Construction Contract" to Company 1.

10. On or about July 27, 2016, Nonprofit 1 and Company 1 executed a contract ("the July 2016 contract") in which Company 1 agreed to serve as the construction manager and general contractor for Project 1. Defendant executed the contract on behalf of Nonprofit 1.

11. Under the terms of the July 2016 contract, BDC and Subsidiary 1 served as Nonprofit 1's authorized representatives.

12. On or about August 30, 2017, Defendant provided a certification of funds for Project 1, representing that the total funding of Project 1 was $6,187,167 and that the funds were in the name of Nonprofit 1 and Subsidiary 1.

13. From in or around 2017 through in or around 2018, Company 1 submitted numerous Application & Certificate for Payment forms to BDC for payment.

14. From in or around 2017 through in or around 2018, Defendant caused to be created and submitted falsified invoices to Subsidiary 1 and Nonprofit 1 for money owed to Company 1.

15. From in or around 2017 through in or around 2018, Subsidiary 1 and Nonprofit 1 issued payments to BDC, which Defendant was to disburse to Company 1.

16. From in or around 2016 through in or around 2018, Nonprofit 1 separately paid Defendant approximately $15,000 per month for his services and his office expenses in overseeing Project 1 and other projects.

17. Casino 1 was a casino in Cleveland, Ohio.

18. Subcontractor 1 was an audio-visual technology installation company in Cleveland, Ohio.

19. Subcontractor 1 held a Huntington Bank account ending in x1408 ("Huntington Bank account"), the deposits of which were insured by the FDIC.

20. Defendant's wife held a Home Savings Bank account ending in x0361 ("Home Savings Bank account"), the deposits of which were insured by the FDIC.

COUNTS 1-7
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

21. The factual allegations of Paragraphs 1 through 17 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

The Scheme to Defraud

22. Defendant ARTHUR FAYNE took the following actions, among others, to effectuate his scheme to defraud: 1) Defendant diverted payments from Nonprofit 1 to Company 1 for Project 1 to his business, BDC; and, 2) Defendant embezzled the diverted funds and used the payments to BDC for his personal use that included gambling at Casino 1.

23. From on or about June 23, 2016, to on or about March 31, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant knowingly devised and intended to devise a scheme and artifice to: (i) divert payments from Nonprofit 1 to Company 1 for Project 1 to BDC for his own use; (ii) to defraud Nonprofit 1 and Company 1 by embezzling the diverted

3

payments for his own use; and (iii) to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

A. Diverted Payments

24. From on or about December 1, 2016 through on or about March 31, 2018, Defendant caused Nonprofit 1 and Subsidiary 1 to pay $2,629,740.38 to BDC to disburse to Company 1 for work for Project 1.

25. From on or about December 1, 2016 through on or about March 31, 2018, Defendant caused BDC to disburse $1,870,634.46 to Company 1 for work for Project 1. Instead of disbursing the remaining $759,105.92 in funds to Company 1, Defendant diverted these funds from BDC for his personal use, which included gambling at Casino 1.

B. Embezzled Funds

26. In or around 2016, Defendant accessed funds from BDC at Casino 1, gambled, and lost approximately $65,226.99 at Casino 1.

27. In or around 2017, Defendant accessed funds from BDC at Casino 1, gambled, and lost approximately $550,002.30 at Casino 1.

28. In or around 2018, Defendant accessed funds from BDC at Casino 1, gambled, and lost approximately $445,940.73 at Casino 1.

29. From on or about June 23, 2016 through on or about March 31, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant knowingly devised and intended to devise a scheme and artifice to defraud Nonprofit 1 and Company 1 to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as described above.

30. From on or about June 23, 2016 through on or about March 31, 2018, for the purpose of executing and attempting to execute the scheme and artifice to defraud described

above, Defendant transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit: wire transfers from Nonprofit 1 and Subsidiary 1 to BDC on or about the dates below, each transmission representing a separate count of this Indictment:

| Count | Date | Amount | Originating Bank Account | Destination Bank Account |
|---|---|---|---|---|
| 1 | 1/12/17 | $129,124.36 | KeyBank | Fifth Third Bank |
| 2 | 3/8/17 | $267,031.91 | KeyBank | Fifth Third Bank |
| 3 | 4/20/17 | $159,814.00 | KeyBank | Fifth Third Bank |
| 4 | 5/17/17 | $122,352.46 | KeyBank | Fifth Third Bank |
| 5 | 6/16/17 | $278,083.00 | KeyBank | Fifth Third Bank |
| 6 | 7/14/17 | $600,421.00 | Bank of America | Fifth Third Bank |
| 7 | 9/26/17 | $398,000.00 | Bank of America | Fifth Third Bank |

All in violation of Title 18, United States Code, Section 1343.

COUNTS 8-9
(Wire Fraud, 18 U.S.C. § 1343 and 2)

The Grand Jury further charges:

31. The allegations set forth in paragraphs 1 to 20 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

The Scheme to Defraud

32. Defendant ARTHUR FAYNE took the following actions, among others, to effectuate his scheme to defraud: 1) Defendant caused Subcontractor 1 to wire funds intended to pay Subcontractor 1 for work on Project 1 into the bank account of Defendant's wife for Defendant to hold in escrow until Subcontractor 1 completed the work on Project 1; and, 2) Defendant used these funds intended for Subcontractor 1 for Defendant's personal use, including gambling at Casino 1.

33. From on or about June 23, 2016 to on or about March 31, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant knowingly devised and intended to

devise a scheme and artifice to: (i) divert payments from Nonprofit 1 to Subcontractor 1 for Project 1 to Defendant's wife's account for his own use; (ii) to defraud Nonprofit 1 and Subcontractor 1 by embezzling the diverted and received funds for his own use; and (iii) to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

A. <u>Equipment Loan</u>

34. On or about June 14, 2018, Defendant caused Nonprofit 1 to apply for and receive an equipment loan in the amount of $469,771.64 from PNC Bank of Pittsburgh, Pennsylvania.

35. On or about June 20, 2018, Defendant caused PNC Bank of Pittsburgh, Pennsylvania, to make a $251,297.24 wire transfer to Subcontractor 1's bank account ending in x1408 at Huntington National Bank, Cleveland, Ohio.

36. On or about June 26, 2018, Defendant caused his wife to email Subcontractor 1 and provide Subcontractor 1 with the bank name, account name, routing number, and account number of her bank account at Home Savings Bank.

37. On or about June 28, 2018, Defendant caused Subcontractor 1 to make a $125,923.86 wire transfer to a Home Savings Bank account ending in x0361, owned by Defendant's wife.

38. Instead of disbursing the remaining $125,923.86 in funds owed to Subcontractor 1 as they became due, Defendant diverted these funds from the Home Savings Bank account for his personal use, which included gambling at Casino 1.

39. From on about June 28, 2018 to on or about July 5, 2018, Defendant converted the $125,923.83 to his personal use, including withdrawing some of these funds at Casino 1.

40. From on or about June 14, 2018 through on or about March 13, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant knowingly devised and

6

intended to devise a scheme and artifice to defraud Nonprofit 1 and Subcontractor 1 to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as described above.

41. On or about June 26, 2018, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, Defendant transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit: an email communication, as described below, representing a separate count of this Indictment.

| Count | Date | Description of Wire | Transmittal Information |
|---|---|---|---|
| 8 | 6/26/18 | Email from Defendant's wife to Subcontractor 1 about wire transfer information. | Transmitted via email server located outside of Ohio |

42. On or about June 26, 2018, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, Defendant transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit: a wire transfer from Subsidiary 1 to Defendant's wife's bank account on or about the date below, as described below, representing a separate count of this Indictment.

| Count | Date | Amount | Originating Bank Account | Destination Bank Account |
|---|---|---|---|---|
| 9 | 6/28/18 | $125,923.86 | Huntington Bank | Home Savings Bank |

All in violation of Title 18, United States Code, Section 1343 and 2.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.