IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR798 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ARTHUR FAYNE, | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | TRIAL BRIEF |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by its counsel, Rebecca C. Lutzko, United

States Attorney, and Brian McDonough and Vanessa V. Healy, Assistant United States

Attorneys, and hereby submits the attached Supplemental Trial Brief.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:    /s/ Brian McDonough
Brian McDonough (OH: 0072954)
Vanessa V. Healy (OH: 0092212)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965/3652
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov
Vanessa.Healy@usdoj.gov

## XI.      <u>IMPEACHMENT OF DEFENDANT UNDER EVIDENCE RULE 609(a)(2)</u>

In this case, should Defendant Arthur Fayne testify, the United States will seek to

impeach him by evidence of his prior state conviction under Fed. R. Evid. 609(a)(2):

> Rule 609. Impeachment by Evidence of Conviction of Crime
>
> (a) General rule.—For the purpose of attacking the character for truthfulness of a witness, * * *
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2).

A trial court has no discretion to prohibit the use of crimes under Fed. R. Evid. 609(a)(2)

for impeachment. *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005); *United States v.

Collier*, 527 F.3d 695, 700 (8th Cir. 2008); *United States v. Brashier*, 548 F.2d 1315, 1326-27

(9th Cir. 1976); *United States v. Smith*, 551 F.2d 348, 362 (D.C. Cir. 1976); *United States v.

Seamster*, 568 F.2d 188, 190 (10th Cir. 1978). These crimes are "'crimes such as perjury,

subornation of perjury, false statement, criminal fraud, embezzlement, or any other offense in the

nature of *crimen falsi*, commission of which involves some element of deceit, untruthfulness, or

falsification bearing or the accused's propensity to testify truthfully.'" *Collier*, *supra*, at 699.

Here, Defendant was indicted on July 17, 2018, in *State of Ohio v. Arthur Fayne*,

Cuyahoga County Common Pleas Court Case No. CR-630309 and charged with the following:

Count 8, Forgery, a 4th degree felony, in violation of Ohio Revised Code Section

2913.31(A)(1), in that on or about September 26, 2016, Defendant unlawfully with purpose to

defraud, or knowing that the defendant is facilitating a fraud on Gloria Bandy, did forge any

writing, to wit: 9/26/2016 Power of Attorney used to facilitate the sale of Parcel ID Nos. 111-22-

030, 111-22-031, 111-22-032, and 111-22-034, of Gloria Bandy, without authority of the said Gloria Bandy and the value of the property or services or the loss to the victim is $7,500 or more and is less than $150,000;

Count 9, Identity Fraud, a 3rd degree felony in violation of Ohio Revised Code Section 2913.49(C), in  that on or about September 26, 2016, Defendant unlawfully did create, obtain, possess, or use the personal identifying information of Gloria Bandy with the intent to aid or abet another person in violating division (B) of this section and the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct was $7,500 or more and was less than $150,000;

Count 12, Forgery, a 4th degree felony, in violation of Ohio Revised Code Section 2913.31(A)(1), in that on or about August 1, 2016, Defendant unlawfully with purpose to defraud, or knowing that the defendant is facilitating a fraud on Gloria Bandy, did forge any writing, to wit: 8/1/2016 Purchase Agreement for 13723 St. Clair Ave., Cleveland, Ohio 44110, of Gloria Bandy, without authority of the said Gloria Bandy and the value of the property or services or the loss to the victim is $7,500 or more and is less than $150,000; and

Count 13, Identity Fraud, a 3rd degree felony in violation of Ohio Revised Code Section 2913.49(C), in that on or about August 1, 2016, Defendant unlawfully did create, obtain, possess, or use the personal identifying information of Gloria Bandy with the intent to aid or abet another person in violating division (B) of this section and the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct was $7,500 or more and was less than $150,000.

Pursuant to a plea agreement, the State of Ohio amended Count 8 to Unauthorized Use of Property, a 1st degree misdemeanor in violation of Ohio Revised Code Section 2913.04(A) and

amended Count 9 to Obstructing Official Business, a 2nd degree misdemeanor in violation of Ohio Revised Code Section 2921.31(A).  As part of the plea agreement, Defendant had to pay $27,779.69 in restitution.  In exchange for the guilty plea, the State of Ohio dismissed Counts 12 and 13.

The crime of Unauthorized Use of Property in amended Count 8 provides: "No person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent." Ohio Revised Code Section 2913.04(A).

The crime of Obstructing Official Business in amended Count 9 provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

Defendant's conduct in his previous case included signing documents indicating he witnessed a power of attorney execution on September 21, 2016, even though the power of attorney was signed on September 26, 2016.  Such conduct was a false statement or fraud in the nature of *crimen falsi* because his conduct involved some element of deceit, untruthfulness, or falsification that would bearing or the accused's propensity to testify truthfully.

Accordingly, should Defendant Arthur Fayne testify, the United States requests permission to impeach him by evidence of his prior conviction under Fed. R. Evid. 609(a)(2).

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Brian McDonough
 Brian McDonough (OH: 0072954)
 Vanessa V. Healy (OH: 0092212)

Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965/3652
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov
Vanessa.Healy@usdoj.gov