IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR798 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| ARTHUR FAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Rebecca C. Lutzko, United States Attorney, and Brian M. McDonough, and Vanessa V. Healy, Assistant United States Attorneys, and herby submits this memorandum to aid the Court in its sentencing of Defendant Arthur Fayne ("Defendant" or "Fayne"), who was found guilty of nine counts of Wire Fraud under 18 U.S.C. § 1343 and 18 U.S.C. § 2. The United States requests that this Honorable Court impose a Guidelines prison sentence of 63-78 months, a Guidelines fine of $20,000 to $200,000; order restitution for $840,074.96, and order Fayne not to have contact, directly or indirectly, with Willie Austin, without first obtaining permission of his probation officer. The United States requests such a sentence because of Fayne's massive embezzlement of funds destined to cure a food desert in the Glenville neighborhood. Instead, Fayne diverted the funds to himself for gambling, shopping, and travel. Lastly, his attempt to obstruct justice by contacting a NEON employee after a reverse proffer, but before trial, to alter financial records, coupled with Fayne's lack of remorse or acceptance of responsibility, merits a substantial sentence. Such a sentence would reflect the seriousness of the offenses and deter future criminal conduct by him and others.

                                                                           Respectfully submitted,

                                                                           REBECCA C. LUTZKO

United States Attorney

By:   /s/ Brian M. McDonough
Brian M. McDonough (OH: 0072954)
Vanessa V. Healy (OH: 0092212)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965/3652
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov
Vanessa.Healy@usdoj.gov

## **MEMORANDUM**

### I. BACKROUND

Arthur Fayne stands guilty of nine counts of wire fraud. Fayne owned Business Development Concepts, LLC ("BDC") an Ohio company and oversaw construction projects and purchasing equipment, supplies, and inventory for projects. Northeast Ohio Neighborhood Health Services, Inc. ("NEON") was an Ohio nonprofit corporation that operated as a federally qualified health center network of community health centers and provided primary care medical services for adults and children in the Cleveland, Ohio area. Community Integrated Services, Inc. ("CIS") was the for-profit Ohio subsidiary company of NEON. The East Side Market was a project sponsored by NEON to redevelop a vacant building into a grocery store, healthcare facility, and community center in the Glenville neighborhood. The Albert M. Higley Company ("AM Higley") was an Ohio company and the general contractor for the East Side Market project. Crescent Digital was an Ohio company that installed audio-visual technology equipment at the East Side Market. Fayne defrauded NEON and CIS by diverting $759,105.92 in payments owed to AM Higley and $125,923.86 in payments owed to Crescent Digital, to BDC for his use,

which included gambling at the JACK Cleveland Casino and making personal expenditures for shopping and travel. As a result of Fayne's conduct, Fayne owes restitution of $840,074.96, with NEON owed $807,710.52 and Crescent Digital owed $32,364.44.

After the government provided Fayne and his counsel with a reverse proffer outlining the government's case, but before the trial began, Fayne also attempted to obstruct justice. Obstruction of justice requires the defendant to attempt or successfully, willfully obstruct or impede the administration of justice concerning the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct must have related to the defendant's offense of conviction and any relevant conduct, or a closely related offense. U.S.S.G. § 3C1.1.

On September 11, 2023, Fayne and his counsel attended a reverse proffer at the FBI where the government's trial team presented Fayne with a preview of the government's case against Fayne. The purposes of the reverse proffer were to show Fayne the most compelling evidence of Fayne's guilt and to encourage him to resolve the case with a plea agreement. On October 9, 2023, despite a bond condition of no contact with witnesses, Arthur Fayne emailed NEON's Chief Financial Officer Leo Chen to alter financial records related to the East Side Market. (Gov't's Trial Exhibits 158, 160, and 161). Jury selection began three days later on October 12. Fayne requesting Chen revise East Side Market expenses was willfully done to obstruct or impede—or to attempt to obstruct or impede—the administration of justice concerning the prosecution of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

## II. APPLICABLE LEGAL STANDARDS

To determine the appropriate sentence for a defendant, a court must consider the

3

applicable guidelines range under 18 U.S.C § 3553(a). *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Though the guidelines are advisory now, they are still a "starting point and initial benchmark." *Id.* at 560-61; *see* also *Gall v. United States*, 552 U.S. 38, 39 (2007). Accordingly, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" outlined in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed" including the seriousness of the conduct and the danger the Defendant poses to the public; (3) the sentences available; (4) the types of sentences, and the sentencing range established by the Sentencing Commission; (5) any relevant policy statement issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Once a court determines the appropriate sentencing range, it should then consider that range in light of the other relevant § 3553(a) factors. *Thompson*, 515 F.3d at 561.

      To determine if a fine should be imposed on a defendant, the court must consider both the § 3553(a) factors listed above and the (1) defendant's "income, earning capacity, and financial resources," (2) the burden on the defendant or any other person that would be responsible for the welfare of any person financially dependent on the defendant compared to the burden that alternative punishments would impose, (3) the pecuniary loss inflicted on others; (4) if restitution is ordered and the amount of restitution; (5) "the need to deprive the defendant of illegally obtained gains from the offense;" (6) the expected costs to the government; (7) if the defendant can pass on the fine to consumers or others; and (8) if the defendant is an organization. 18 U.S.C. § 3572. However, the statue limits imposition of fines if "the defendant has the obligation to make restitution to a victim of the offense, other than the United States, the court shall impose a

fine… only to the extent that such a fine… will not impair the ability of the defendant to make restitution."

### III. SENTENCING GUIDELINES COMPUTATION

The base offense level for the grouped 18 U.S.C. § 1343 counts is 7, increased by 14 because the loss amount was $885,029.78, which exceeded $550,000. Additionally, because Fayne abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offense, the offense level is increased by two. Finally, the offense level is increased by two for the attempt at obstructing justice. The following calculation represents the correct computation of the applicable offense level under the current Sentencing Guidelines Manual.

| Grouped Counts 1-9: Wire Fraud | | |
|---|---|---|
| Base offense level | 7 | § 2B1.1 |
| Loss greater than $550,000 | +14 | § 2B1.1(b)(1)(H) |
| Abuse of Trust | +2 | § 3B1.3 |
| Obstruction of Justice | +2 | § 3C1.1 |
| Final Offense Level | 25 | |

Accordingly, the final offense level for Fayne is 25. His criminal history category is II. Based on a final offense level of 25 and a criminal history category of II, Fayne's guideline imprisonment range is 63 to 78 months. His guideline fine range is $20,000 to $200,000 under U.S.S.G. § 5E1.2(c)(3). The government respectfully asks this Court to impose the guidelines sentence and fine as computed in the Final Presentence Report. (R. 62 *SEALED* PageID 633).

### IV. APPLICATION OF SECTION 3553(A) FACTORS

In general, § 3553(a) lists seven factors that the Court must consider before sentencing. This includes the nature and circumstances of the offense, the need for the sentence imposed to

5

reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public and others listed in the statute.

The government requests that the Court impose a sentence that matches Fayne's culpability as a consultant, vice president, and board member of CIS, as someone who defrauded NEON, AM Higley, and Crescent Digital.

Moreover, any collateral consequences to Fayne's conviction, such as the length of these legal proceedings, his legal fees, the fact that is now convicted a felon, his humiliation, if any, before his community, neighbors, and friends, should not be considered by this Court. These collateral consequences would tend to support shorter sentences for defendants from privileged backgrounds and would not satisfy the goals of sentencing. *United States v. Musgrave*, 761 F.3d 602, 606-07 (6th Cir. 2014). Defendant repeatedly and willfully injured NEON and CIS through his embezzlement. Despite multiple opportunities to come clean and rectify the situation, he continued his fraudulent conduct. Further, because economic and fraud-based crimes are more rational, cool, and calculated then sudden crimes of passion or opportunity, they are prime candidates for general deterrence. *Id*. *See also United States v. Panyard*, No. 07-20037-2, 2009 WL 1099257, at * 12 (E.D. Mich. April 23, 2009) ("White-collar crimes…are often perceived as carrying substantially lesser punishment than other comparable offenses," making deterrence imperative when determining sentencing.).

A prison sentence at the higher end of the 63 to 78 month range, a fine of $20,000 to $200,000, restitution of $840,074.96, and a court order forbidding contact, directly or indirectly, with Willie Austin without first obtaining the permission of the probation officer, meets the requirements for a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the § 3553(a) factors. 18 U.S.C. § 3553(a)(2).

## V. RESTITUTION

Restitution orders are authorized by statutes 18 U.S.C. §§ 3663 and 3663A and are distinct and separate from the United States Sentencing Guidelines. Restitution constitutes punishment. *United States v. Schulte*, 264 F.3d 656 (6th Cir. 2001); see also *United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (stating restitution is "punitive rather than compensatory in nature"). "Although the guidelines mandate imposition of restitution where allowable under the statutes, the restitution statutes function independently from the guidelines and do not rely on the guidelines for their validity." *United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir. 2005). "Restitution under the MVRA is a criminal penalty and a component of the defendant's sentence." *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (quoting *United States v. Chaney*, 964 F.2d 437, 451 (5th. Cir. 1992).

Under 18 U.S.C. § 3663A, mandatory restitution of $840,074.96 should be ordered in this case. The United States requests that this Court order Fayne to pay restitution of $840,074.96, divided between NEON, who is owed $807,710.52, and Crescent Digital, who is owed $32,364.44. Under 18 U.S.C. § 3663A, this Court should order the restitution to be due and payable immediately. Restitution payments should be made payable to Clerk of Court and be sent to the U.S. Court House, 801 West Superior Avenue, Suite 1-127, Cleveland, Ohio 44113.

## VI. CONCLUSION

For the reasons outlined above, as well as those to be articulated at sentencing, the United States respectfully requests the Court to impose a Guidelines sentence of 63-78 months, a fine of $20,000 to $200,000, and order $840,074.96 in restitution for Fayne's crimes in this case.

Respectfully submitted,

REBECCA C. LUTZKO

        United States Attorney

By: /s/ Brian M. McDonough
   Brian M. McDonough (OH: 0072954)
   Vanessa V. Healy (OH: 0092212)
   Assistant United States Attorneys
   United States Court House
   801 West Superior Avenue, Suite 400
   Cleveland, OH 44113
   (216) 622-3965/3652
   (216) 522-2403 (facsimile)
   Brian.McDonough@usdoj.gov
   Vanessa.Healy@usdoj.gov